# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Case No. 3:06-CV-100-MU

| | |
|---|---|
| TRANSPORTATION INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br>v.<br><br>CARTNER GLASS SYSTEMS, INC. and DOE DEFENDANTS 1-10,<br><br>　　　　　Defendants. | **MEMORANDUM AND ORDER** |

THIS MATTER is before the Court on the parties Joint Consent Motion to Consolidate pursuant to Fed. R. Civ. P. 42(a) and Memorandum in Support, both filed November 29, 2006. The Motion is now ripe for disposition by the Court. Having carefully considered the motion, memorandum, record and applicable authority, the Court will <u>grant</u> the Joint Consent Motion to Consolidate for the purpose of handling discovery and pre-trial motions only. At the close of discovery, the parties may address the issue of whether the cases should be consolidated for trial.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 2, 2006, Transportation Insurance Company ("Transportation") filed a complaint for declaratory judgment and money judgment against Cartner Glass Systems, Inc. ("Cartner Glass"), styled *Transportation Insurance Co. v. Cartner Glass Systems, Inc.*, Civil Case No. 3:06-CV-100-MU ("Transportation v. Cartner Glass / Case 1"). On August 11, 2006, Transportation filed a complaint for declaratory judgment and money judgment, styled *Transportation Insurance Company v. Cartner Glass Systems, Inc.*, Civil Case No. 3:06-CV-350 ("Transportation v. Cartner Glass / Case 2"). Cartner Glass has filed an answer and counterclaims in both actions, and Transportation filed a reply to the counterclaims in the first

matter and will shortly file a reply in the second matter.  Both actions arise out of claims that Cartner Glass is entitled to a defense and indemnity from Transportation in connection with certain underlying actions filed against Cartner Glass.  Both actions involve the same and/or similar insurance policies issued by Transportation to Cartner Glass.  Moreover, both actions involve very similar facts, which will impact whether the underlying actions are covered or non-covered claim(s) according to the insurance policies at issue.  Finally, the discovery plan and pre-trial motions in these cases will be virtually identical.

## ANALYSIS

When there are two cases pending before the court that involve a common question of law or fact, the court may, in its discretion, consolidate the cases.  Fed. R. Civ. P. 42(a).  Both parties agree that the actions should be consolidated for pre-trial and discovery purposes.  Moreover, judicial economy strongly favors consolidating the actions.  While these actions should be consolidated for pre-trial and discovery purposes, the parties desire to reserve the right to have the matters severed for trial or to move have the matters consolidated for the purposes of trial after the completion of discovery.

## **ORDER**

**IT IS THEREFORE ORDERED** that the parties Joint Consent Motion to Consolidate this case with *Transportation Insurance Co. v. Cartner Glass Systems, Inc.*, Civil Case No. 3:06-CV-350-MU ("Transportation v. Cartner Glass / Case 2") is **GRANTED** for the purpose of discovery matters and pre-trial motions only.

**IT IS FURTHER ORDERED** that docket number 3:06-CV-100 is designated as the lead docket number.  Pursuant to Local Rule 5.1(A)(1), the Office of the Clerk will maintain only this lead case file and docket.  Accordingly, the parties are advised that all documents filed

subsequent to this consolidation order should bear the caption and case number of the lead consolidated case and shall continue to note all case numbers involved.

**IT IS FURTHER ORDERED** that a new and superseding scheduling order be entered in *Transportation Insurance Company v. Cartner Glass Systems, Inc.*, Civil Case No. 3:06-CV-100 pursuant to the Federal Rules of Civil Procedure and the deadlines assigned in such scheduling order will apply to both cases consolidated herein.

Signed: December 1, 2006

Graham C. Mullen
United States District Judge